# IN THE COURT OF APPEALS OF IOWA

No. 13-1729
Filed June 25, 2014

**WELLS FARGO BANK, N.A., Executor of the
ESTATE OF GENEVA J. BURGER, Deceased,**
    Plaintiff-Appellee,

**vs.**

**JERRY D. BURGER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Dallas County, John D. Lloyd, Judge.

Jerry Burger appeals the district court's summary judgment ruling and judgment entry in favor of the plaintiff-estate to recover monies overpaid to Burger by the estate's executor. **AFFIRMED.**

Matthew J. Hemphill of Bergkamp, Hemphill & McClure, P.C., Adel, for appellant.

Karl T. Olson of Parker & McNeill, P.L.L.C., West Des Moines, for appellee.

Considered by Vogel, P.J., and Doyle and Mullins, JJ.

**DOYLE, J.**

Jerry Burger appeals from the district court's summary judgment ruling and the subsequent judgment entered in favor of the Estate of Geneva J. Burger (estate) to recover estate monies overpaid to Burger by the estate's executor and trustee, Wells Fargo Bank (executor). We affirm.

### I. Background Facts and Proceedings.

Harvey and Geneva Burger had four children: Jerry, Jacqueline, Curtis, and Cris. Before their deaths, Harvey and Geneva created revocable trusts to govern the disposition of their property to their children-beneficiaries. Henry predeceased Geneva, and Geneva died in 2008. Geneva's estate was opened, and Wells Fargo Bank was appointed executor, as well as trustee of her trust.[1]

During the probate proceedings, Curtis and Cris filed a lawsuit challenging changes made by Geneva in her last will and trust instruments. The beneficiaries eventually entered into a settlement agreement, ending the lawsuit. The agreement required Jerry to pay certain monies to Curtis and Chris. Jerry also agreed to provide an early pay-off of the notes he had given to the trust in connection with his purchase of Geneva's farmland, allowing liquidation of the estate assets. The executor proceeded to administer the estate, including interim distributions, in accord with what the executor understood the beneficiaries' intentions to be following their settlement.

The executor filed its final report and application for discharge in May 2011, and Curtis subsequently filed objections to the report. Among other things,

---

[1] It does not appear to be disputed that Jerry was appointed co-trustee of Geneva's trust.

Curtis objected to (1) the executor's "improper distribution of proceeds received from [Jerry] from the note payoffs, by including [Jerry] as a recipient of the distribution of those proceeds;" (2) the executor's "failure to collect interest from [Jerry] on the notes from the time of the beneficiaries' settlement of their litigation until transfer of the funds securing the notes"; and (3) the executor's "over-allocation of a capital gains tax credit to [Jerry]." The executor stood by its calculations and report, and it argued Curtis's objections had "no factual or legal basis." It also relied on the discretion given to the trustee in the trust to abandon claims, including any interest due on the notes held by the trust.

Hearing on the matter was held. Ultimately, Jerry agreed with the executor's position and opposed the objections raised by his siblings. Jerry requested the final report be approved as filed, including the report's determination that he owed the estate $27,715. He stated he would pay that amount upon approval of the report.

In November 2011, the probate court entered its order disapproving the proposed final report for the reasons asserted by Curtis. The court directed the executor to revise the final report in those respects, including reducing the amount to be distributed to Jerry. The court noted, in an aside, that it "appears that the deficiencies in the estate are primarily Jerry's obligation to reimburse the estate even though the executor may be chargeable (*see* Iowa Code sections 633.157 to 633.160 and particularly 633.158 as it relates to the issue of commingling)." However, the court did not specifically order Jerry to repay the estate the amount he had been overpaid, stating that depending on the other

beneficiaries' objections, the amount retained by the estate for distribution to Jerry

> may not be adequate to make the estate whole. Jerry is not a defendant, and while the court has jurisdiction to modify the distribution, it has no jurisdiction to enter any judgment against Jerry and could not determine an appropriate amount anyway until a decision is made by the other two beneficiaries. Nevertheless, Jerry appeared by counsel in the matter, and it seems that this ruling would constitute res judicata as to the matters litigated.

Jerry appealed the probate court's order, and this court affirmed. *In re Estate of Burger*, No. 12-0002, 2012 WL 5540365, at *6 (Iowa Ct. App. Nov. 15, 2012).

After the case was returned to the probate court, the executor requested Jerry repay the estate the amount it had overpaid him. Jerry declined, and the executor subsequently filed a petition on behalf of the estate against Jerry to recover the monies under a theory of unjust enrichment. The estate asserted Jerry had "received distributions and benefits from the [estate] consisting of . . . [o]verpayments in amounts in excess of what he is otherwise entitled, totaling $106,712.38."

Jerry filed an answer and he denied, among other things, the probate court had found he "had received benefits and distributions to which he was not otherwise entitled." Additionally, Jerry asserted an affirmative defense to the estate's unjust enrichment claim, stating: "Plaintiff's own negligence resulted in amounts Plaintiff now claims deficient from the Estate and/or trust and Plaintiff is liable for its own negligence." He requested the court deny and dismiss the petition.

The estate later filed a motion for summary judgment requesting a judgment be entered in its favor. The estate contended Jerry's liability for the

overpayment was fully and fairly litigated in the prior legal proceedings, and Jerry was precluded from relitigating his liability for the return of such funds. As a result of the prior litigation, the estate argued no issue of material fact existed and summary judgment should be entered in its favor as a matter of law.

Jerry resisted the motion, contending "genuine issues of material fact exist regarding plaintiff's unjust enrichment claim and the plaintiff's negligence in maintaining and administering estate and trust assets." He asserted that "[a]ny benefit purportedly improperly received by [him] was not at the expense of Wells Fargo, but, instead, *because* of Wells Fargo's negligence." (Emphasis in original.) Jerry denied the doctrine of issue preclusion applied in the instant case because the issue of "who is liable or responsible for payments owed the estate, Jerry or Wells Fargo . . . was not concluded, litigated, or determined in the first action."

Following a hearing, the district court entered its ruling granting the estate's motion. The court concluded, among other things, that issue preclusion prevented Jerry from relitigating

> the issue of his liability vis-à-vis the estate, which is the plaintiff in this action. As an intervenor and appellant, [Jerry] fully litigated the issue of his receiving overpayments or credits from the estate. The amount of those overpayments and credits was determined first by [the district court] and later by the Iowa Court of Appeals. [Jerry] was represented at and participated in the hearing on the final report that resulted in the trial court determination of his overpayments and credits, and he was the sole appellant on those issues to the Iowa Court of Appeals. He had every opportunity to litigate the issues of his overpayments and credits vis-à-vis the estate. He cannot now litigate those issues again.
>     Factually, then, [Jerry] is foreclosed from further litigating this matter. As a matter of law, the estate is entitled to recover the overpayments and credits from [Jerry].

(Footnote omitted.) Addressing Jerry's affirmative defenses, the district court stated:

> Each of those affirmative defenses involves some claim of error by Wells Fargo Bank that would arguably subject [it] to some liability in favor of [Jerry]. This action, however, is not brought by Wells Fargo Bank in its individual capacity but rather as the executor of the estate. It is the estate that is the plaintiff in this action, not Wells Fargo Bank. If [Jerry] wants to seek some recovery for contribution or indemnity against Wells Fargo Bank, on whatever theory, he needs to bring an action against the bank, not assert defenses against the estate.

(Footnote omitted.) The next day, the court entered its judgment against Jerry for the reasons noted in its summary judgment ruling in the amount of $106,712.38 with interest.

Jerry now appeals.

## II. Scope and Standards of Review.

We review the district court's summary judgment ruling for the correction of errors at law. Iowa R. App. P. 6.907; *Pitts v. Farm Bureau Life Ins. Co.*, 818 N.W.2d 91, 96 (Iowa 2012). Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Iowa R. Civ. P. 1.981(3); *Pitts*, 818 N.W.2d at 96. "In other words, summary judgment is appropriate if the record reveals a conflict only concerns the legal consequences of undisputed facts." *Pitts*, 818 N.W.2d at 96 (citation and internal quotation marks omitted). The court reviews the record in a light most favorable to the opposing party, and we afford the opposing party every legitimate inference the record will bear. *Id.*

### III. Discussion.

Although Jerry raises three issues on appeal, we only address his third issue, finding it dispositive. Jerry contends the district court erred in holding the doctrine of issue preclusion applies in this case to prevent him "from asserting defenses and presenting evidence regarding Wells Fargo's negligence in administering [the estate]." As he did before the district court, he argues the issue of who is responsible for repaying the estate the amount overpaid to him has not yet been litigated, and therefore, summary judgment is not appropriate. Upon our review, we agree with the district court's assessment.

"Issue preclusion prevents parties from relitigating in a subsequent action issues raised and resolved in a previous action." *Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012) (citation and internal quotation marks omitted). In a second action, issue preclusion can be offensively used by a plaintiff "against the defendant to establish an element of his or her claim." *Id.* Four elements must be established by the party raising issue preclusion:

> (1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the prior action must have been essential to the resulting judgment.

*Id.* If raised offensively, the plaintiff must also establish that the "opposing party in the earlier action was afforded a full and fair opportunity to litigate the issues" and that no other circumstances "are present that would justify granting the party resisting issue preclusion occasion to relitigate the issues." *Id.*

This suit was brought by the estate to recover the overpayment retained by Jerry. An executor, acting for the estate, is permitted to recover for the estate

an overpayment where a "beneficiary [has] received certain specific property to which, under the order of the court, the beneficiary was not legally entitled, and the order is to the effect that the beneficiary should restore the possession of such property to the executor." *In re McKinney's Estate*, 199 N.W. 327, 329 (Iowa 1924) (concerning overpayment to beneficiary mistakenly made by executor). A beneficiary is "not entitled to retain possession of the property that had been turned over to her by the executor to the amount of the overpayment . . . . [The beneficiary's] possession of these assets of the estate was therefore a wrongful possession." *Id.* at 328. "The right of action for the recovery of such money is not in the personal but in the representative character of the administrator." *Dillinger v. Steele*, 222 N.W. 564, 565 (Iowa 1928).

That Jerry was overpaid by the estate was previously litigated and decided by the probate court, and it was affirmed by this court. That train left the station long ago and cannot now be derailed. The district court correctly determined Jerry was precluded from relitigating the issue of his receipt of overpayments or credits from the estate. The estate is entitled to recover the overpayment from Jerry, whether or not Wells Fargo Bank was negligent in the administration of the estate. Jerry's affirmative defense is impotent against the estate. Consequently, the district court was correct in concluding the estate was entitled to recover the overpayments from Jerry.

Here, the only parties to the litigation are the plaintiff-estate and defendant-Jerry. Jerry asserts the executor was negligent in administering the estate. An estate is not ordinarily "liable for the negligent acts of the executor toward a third person in the course of administering the estate." *In re Estate of*

*Schield*, 300 N.W.2d 302, 304 (Iowa 1981). As the trial court so aptly noted: "If [Jerry] wants to seek some recovery for contribution or indemnity against Wells Fargo Bank, on whatever theory, he needs to bring an action against the bank, not assert defenses against the estate." Jerry did not cross-petition in the bank as a third-party defendant to this action. Without the bank as a party to the lawsuit, Jerry had no justiciable claim against the bank in this lawsuit. Having no justiciable claim before it, the district court appropriately declined to address Jerry's allegation the bank was negligent in administering the estate. Accordingly, we affirm the ruling and judgment of the district court.

**AFFIRMED.**