# IN THE COURT OF APPEALS OF IOWA

No. 22-1312
Filed June 7, 2023

**CITY OF TIFFIN,**
    Plaintiff-Appellant,

**vs.**

**CITY OF CORALVILLE,**
    Defendant-Appellee.
_____

**CITY OF CORALVILLE,**
    Plaintiff-Appellee,

**vs.**

**CITY OF TIFFIN, IOWA,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Johnson County, Jason D. Besler,

Judge.

A municipality appeals the denial of its petition for declaratory judgment.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

Robert W. Goodwin of Goodwin Law Office, P.C., Ames, and Crystal K.

Raiber and Robert S. Michael of Holland, Michael, Raiber & Sittig PLC, Iowa City,

for appellant.

Kevin D. Olson, Coralville, for appellee.

Heard by Bower, C.J., and Tabor and Greer, JJ.  Chicchelly, J., takes no

part.

**GREER, Judge.**

In the never-ending saga of Forevergreen Road,[1] we are again wrestling with a stalemate over the City of Tiffin's ability to extend that road over undeveloped real estate in Johnson County to reach a new Interstate 380 interchange. The stalemate pits the interests of Tiffin against the mutual interests of the Ruth E. Rarick Trust (the Trust), which owns land in Johnson County, and the City of Coralville.[2] The Trust deeded 7.63 acres of its Johnson County land to Coralville just as Tiffin was starting condemnation proceedings to acquire some of the Trust's land for the road.

In this appeal, Tiffin and Coralville are the litigants. Two earlier appeals before our court dealt with Forevergreen Road, but those cases only involved the Trust and Tiffin. *See generally City of Tiffin v. TAT, LLC*, No. 20-0912, 2021 WL 2452060 (Iowa Ct. App. June 16, 2021); *Ruth E. Rarick Tr.*, 2021 WL 2453375.

---

[1] In one of our earlier decisions involving this road, we quoted the district court:
> There are now six cases that have been filed that are related to this case, none of which are individually assigned to any judge of the Sixth Judicial District: CVCV081144 (a certiorari action brought by the Trust, which was dismissed by agreement of the parties on January 6, 2020); CVCV081458 (a certiorari action brought by the Trust); CVCV081474 (a certiorari action brought by the City of Coralville, Iowa); CVCV081479 (a declaratory judgment action brought by Tiffin); EQCV081622 (an Iowa Code chapter 6B claim brought by the City of Coralville, Iowa); and EQCV081617 (an Iowa Code chapter 6A and 6B claim brought by the Trust and Clint Rarick).

*Ruth E. Rarick Tr. v. City of Tiffin,* No. 20-0955, 2021 WL 2453375, at *2 n.1 (Iowa Ct. App. June 16, 2021).

[2] An individual, Clint Rarick, has a leasehold interest in the Trust's land. In addition to the previous cases already listed, there was reference in the pleadings filed in this matter to a petition filed by the Trust (CVCV082400) and a petition filed by Rarick (CVCV082399), which also raise claims against Tiffin under Iowa Code chapters 6A and 6B (2021) and a statement that EQCV081617 was dismissed by Rarick.

Because of strategic moves[3] by the Trust, which originally owned the land, and Coralville, which now owns the land, we were asked to decide if the development of the road served a public purpose and would be a public improvement under Iowa Code section 6A.22(2) (2019). *City of Tiffin*, 2021 WL 2452060, at *3–5. We said, as it relates to the ability to condemn for a public purpose, the answer is yes. *Id.* at *5. And in that same appeal, we agreed with the Trust that the validity of the quit claim deed between it and Coralville was not properly before the court and then reversed the district court ruling invalidating the deed. *Id.* at *6. On the same day as that appellate decision was filed, we reversed the district court's dismissal of the Trust's petition for writ of certiorari and found that Tiffin had not complied with the condemnation requirements by providing the Trust with an appraisal and offer for its possibility for a reverter interest in the land. *See Ruth E. Rarick Tr.*, 2021 WL 2453375, at *5–7.

Now, following the district court's denial of Tiffin's requested relief in an action for declaratory judgment against Coralville, Tiffin appeals. In this round, Tiffin asked the district court to declare Tiffin had the authority to build the road

---

[3] The district court described the relationship between Coralville and the Trust:

> On August 22, 2019, and prior to Tiffin taking additional action on their resolution [to condemn], the Trust executed a Quit Claim Deed conveying the subject property to Coralville, but with a reversion clause. This Quit Claim Deed was recorded on August 23, 2019. The Quit Claim Deed grants Coralville the subject property with the agreement Coralville will not assess any costs to the Trust for the construction of the proposed public road. Furthermore, the location of the public road must be mutually agreed upon by Coralville and the Trust. Finally, in the event Coralville does not construct this road within five (5) years the subject property reverts back to the Trust.

(Footnote omitted.)

and to invalidate the quit claim deed between the Trust and Coralville. The district court found (1) the Trust was an indispensable party and its exclusion from the case meant it could not set aside the quit claim deed and (2) because the land was owned by Coralville, Tiffin could not use eminent domain to take the land. Tiffin argues the Trust was not an indispensable party to the question of Coralville's jurisdiction; the district court should have invalidated the quit claim deed to the extent it operated to give Coralville authority to build a street; and that Tiffin—not Coralville—has the jurisdiction, control, and authority to acquire the land. Because the Trust was not brought in as an indispensable party, and because of concerns over judicial economy and so that the issues can be fully and finally decided, we reverse and remand for a determination of one lingering issue impacting our ability to resolve the issues before us today.

**I. Facts and Prior Proceedings.**

The Iowa Department of Transportation (DOT) built a new interchange at Interstate 380 and Forevergreen Road in the City of North Liberty, which included paving a new portion of Forevergreen Road in North Liberty. Tiffin asked it to also connect that portion of Forevergreen Road to the portion of the road in Tiffin, but the DOT declined. Tiffin, claiming that the DOT then told the city it bore the responsibility of connecting the roads, eventually created the plan seen below, on which we have identified important landmarks and those communities having jurisdiction over the properties.



The portion of the land between New Park Road and Jasper Avenue in unincorporated Johnson County was owned by the Trust. In total, Tiffin needed "0.75 acres in fee simple title, 0.21 acres permanent easement, and 0.85 acres temporary construction easement" from the Trust's land to be able to finish the project.

Coralville had concerns about the early iterations of Tiffin's plan, and it believed Johnson County, North Liberty, Tiffin, and Coralville should collaborate to come up with the best option—Coralville's city engineer, Scott Larson, sent Tiffin his recommendations, which Tiffin declined to follow.[4]

---

[4] The suggestion, which was submitted into evidence by Coralville, was described by Larson as a quick sketch that "took [him] about 20 minutes to put together." The image is dated and does not show New Park Road. But it reflected Coralville's main concern that the intersection be designed with Forevergreen Road and Old Park Road/Jasper Avenue converging at a ninety-degree angle.

Tiffin and the Trust were unable to agree to a voluntary acquisition of the land, so Tiffin began condemnation proceedings under Iowa Code chapter 6A; the Tiffin City Council passed the resolution authorizing condemnation on August 20, 2019. On August 22, the Trust signed a quit claim deed giving the 250 feet of land needed for the road to Coralville. The deed stated that if after five years Coralville had not built the connecting road in a way agreed upon by the Trust and Coralville, then the land would revert to the Trust. It also stated that Coralville would not charge the Trust any assessment on the extension. Coralville's city council passed a resolution to accept the deed and began paying property taxes for the land. Tiffin filed a petition for declaratory judgment against Coralville, but not the Trust, calling the quit claim deed a "sham," and asked the district court to:

> declare and construe the parties' relative rights and authority; that the [c]ourt declare that the City of Tiffin, Iowa has full and complete authority to proceed with and complete its Forevergreen Road project, including condemnation of the 250 feet strip of the [Trust] land Quit Claim Deeded to the City of Coralville, Iowa; that the City of Coralville cannot in any way interfere with nor impede the City of Tiffin, Iowa's Forevergreen Road Project; for such other relief as may be appropriate to adjudge and declare the parties' relative right.

Coralville answered, urging the district court to "either refrain from declaring the rights of the parties . . . [or] declare that [Tiffin] does not have the power and authority to acquire the property owned by [Coralville] via the use of eminent domain." It also filed a counterclaim (1) stating the land deeded to them was now public property, which could not be condemned by another municipality and (2) requesting Tiffin be "permanently enjoined from acquiring the [p]roperty rights"

to the 250 feet the Trust deeded to Coralville.[5]  In a separate filing, Coralville also petitioned the district court to (1) prohibit the condemnation Tiffin had begun until Tiffin proved it had the authority to do so and (2) require Tiffin to properly comply with all of the condemnation procedures, some of which Tiffin had missed, before they continued.  These two proceedings were consolidated.

Trial was held in January 2022, and both parties filed post-trial briefs in lieu of closing arguments.  The district court ruled that it could not set aside the quit claim deed because the Trust was an indispensable party not included in the action and, because Coralville owned the land, it was public property not able to be taken by eminent domain.  It also granted Coralville an injunction preventing Tiffin from pursuing condemnation of the land through eminent domain.[6]  Both parties filed Iowa Rule of Civil Procedure 1.904 motions to expand, which the district court denied apart from a nunc pro tunc ruling to correct a scrivener's error.  Tiffin now appeals.

## II. Analysis.

On appeal, Tiffin argues the Trust was not an indispensable party necessary to invalidate the quit claim deed; the district court should have invalidated the quit claim deed; and Tiffin has the jurisdiction, control, and authority to acquire the land.

---

[5] There was also a third claim—that the declaratory judgment action was not ripe for adjudication due to a pending action alleging the taking is not for a public purpose—which Coralville formally dropped before trial began.

[6] The district court did make a caveat—if the land reverted back to the Trust, a new quit claim deed was issued, or the land was no longer held for public purpose, the injunction would dissolve.  It also noted that the ruling "express[ed] no opinion as to Tiffin's authority to condemn the private property interest that the Trust has in this property under the [quit claim deed], with it potentially reverting back to the Trust."

But, because we can resolve the issue on whether or not the Trust is an indispensable party as to the viability of the quit claim deed, we begin there.

Tiffin asked the district court to set aside the quit claim deed, in part because it believed the deed to be a "sham"—in Tiffin's post-trial brief, it alleged the property was conveyed to Coralville only to "try and stop Tiffin's public improvement project." In its initial ruling, the district court found that "as a factual matter it [was] very difficult, if not impossible, to void the Quit Claim Deed without hearing from representatives from the Trust" and that "the Trust has an interest that is clearly impacted by any decision regarding the Quit Claim Deed. . . . The Court finds it cannot issue a Declaratory Judgment against the Quit Claim Deed without impairing the Trust's rights and interests."[7] The district court explained:

> The Court finds the property could possibly revert back to the Trust, pursuant to the terms of the Quit Claim Deed, and that there is a *private interest* the Trust has in this property. . . .
> The Court finds that there is no manner in which the Court could invalidate the Quit Claim Deed that does not impair or impact the Trusts' rights and interests. The Trust cannot have the conveyance of the property it initiated via the Quit Claim Deed invalidated without having an opportunity to defend its conveyance via the Quit Claim Deed. The Court finds no manner that it could both invalidate the Quit Claim Deed and not impact the [T]rust's interests in this matter. Furthermore, given that there is a pending action involving the Trust and this Quit Claim Deed it is better to allow this question to be resolved in that litigation, where all parties have the opportunity to be heard regarding it. The Court finds *the Trust is an indispensable party regarding whether to invalidate the Quit Claim Deed*, and the Court will not entertain setting it aside as a result.

---

[7] The district court made the distinction that the Trust was "not an indispensable party as it pertains solely to Coralville's interest" in the land.

(Emphasis added.) Consequently, the district court declined to address the validity of the deed and instead determined "the sole issue of Tiffin's rights in relation to Coralville's interests in the [deeded] property."

> A party is indispensable if the party's interest is not severable, and the party's absence will prevent the court from rendering any judgment between the parties before it; or if notwithstanding the party's absence the party's interest would necessarily be inequitably affected by a judgment rendered between those before the court.

Iowa R. Civ. P. 1.234(2).

We agree with the district court that the Trust was an indispensable party to the question of the validity of the quit claim deed and its terms. Likewise, the various conflicting filings and positions taken throughout the tenure of the case requires that the interests of the Trust, Tiffin, and Coralville be addressed in one case. For example, although it no longer has legal effect because our court reversed the ruling, *see City of Tiffin*, 2021 WL 2452060, at *6, one of the many district court judges touching these cases previously determined the deed was invalid.[8] In that case, Coralville's interests were impacted without its participation

---

[8] That court held:
> [The Tiffin City Administrator]'s affidavit, which is not refuted by any affidavit testimony offered by the Trust, establishes that Forevergreen Road is an existing city street in Tiffin, and pursuant to the above-cited provisions of Iowa Code chapter 306, Tiffin has the authority to control, extend, and construct a new portion of Forevergreen Road in Tiffin. Further, the [c]ourt concludes the undisputed facts, as established by the affidavit of [the administrator], show the Quit Claim Deed from the Trust to Coralville is invalid because the south 250 feet of the Trust's property referred to in the Quit Claim Deed does not adjoin Coralville. It also is undisputed that the [DOT] originally intended to construct Forevergreen Road through North Liberty to Jasper Avenue in Tiffin, which then was a gravel two-lane road. Changes to the [DOT]'s construction plans necessitated that the Tiffin portion of Forevergreen Road have to cross a small portion of the

and, looking forward, we think it is possible the same thing could happen to the Trust. At the oral arguments in the current case, Tiffin argued it was not necessary to decide the validity of the deed as to the Trust because that issue was severable from the Coralville issues, but Tiffin's appellate brief references the "sham" deed[9] multiple times. And, we note that shortly before the trial date, Tiffin attempted to consolidate additional matters, including a matter involving the Trust, arguing there were "common questions of law and fact" making it necessary to determine the rightful owner of the property.[10]

Before we can answer the questions over the road construction, we must answer the preliminary question of who owns the property. That question requires input from all the parties to the deed in one proceeding before we can move forward with the remaining issues.[11] Without the Trust involved, as the district

---

Trust's/Coralville's property. Coralville has no jurisdiction and control over this area pursuant to Iowa Code chapter 306.

. . . Despite the fact that the Trust deeded the property to Coralville, Tiffin retains the authority and jurisdiction to condemn this portion of the Trust's property because the land is not currently devoted to a public use through action to be taken by Coralville, and Tiffin's construction of Forevergreen Road in Tiffin is a public purpose that supports exercise of eminent domain over the Trust.

[9] In its appellate brief, Tiffin defined sham as "one in good form but false in fact."

[10] The Trust, Tiffin, and Coralville all agreed to a consolidation of all matters but Tiffin refused to move the trial date, so the district court denied the request to consolidate the Trust issues.

[11] In determining whether we could bypass a review of the quit claim deed issue against the Trust, we considered whether issue preclusion might apply to resolve any subsequent action against the Trust over the deed validity. But, from the limited record on the issue, we cannot say that the question is identical, especially in light of the parties' initial thoughts that the Trust was a necessary party to that question. *See Emps. Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012) ("The party invoking issue preclusion must establish four elements: '(1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the

court noted, there was no way to determine if the deed was made in good faith; and, to void the deed would take away the benefits of the contract, such as the guarantee that the Trust would not be charged an assessment, without allowing the Trust the opportunity to defend its deed.

Still, though we agree with the district court the Trust is an indispensable party, the proper remedy was for the district court to "order the party brought in" rather than dismiss the claim. Iowa R. Civ. P. 1.234(3); *see JAKS Props., LLC v. St. Croix Hospice, LLC*, No. 17-1198, 2018 WL 5846088, at *9 (Iowa Ct. App. Nov. 7, 2018).[12] So, we reverse the district court's ruling and remand the case with instructions to order that the Trust be brought into the case and to address the

---

prior action must have been essential to the resulting judgment.'" (citation omitted)). Likewise, it might be argued that the Trust and Coralville had different motivations for entering into the deed. Finally, in one of many rulings in the plethora of cases filed over this road situation, in response to Tiffin's argument that our prior opinions established binding precedent as to these facts, one of the district court judges said

> [w]hile the trial court for these matters may ultimately also determine that Tiffin's Forevergreen Road project is a public use, serves a public purpose, and is a public improvement, neither the prior opinions of the Johnson County District Court nor unpublished opinion of the Iowa Court of Appeals are opinions that constitute binding precedent upon this Court.

Thus, for all involved, judicial economy is served by adding the Trust to the current action and having the last judge who heard the case decide the deed issue so that it is resolved as to all parties. *See City of Johnston v. Christenson*, 718 N.W.2d 290, 300 (Iowa 2006) (citing Restatement (Second) of Judgments § 68 (Am. L. Inst. 1982) ("When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.")).

[12] Tiffin argues Coralville did not raise the Trust as an indispensable party until its post-trial brief, which was offered in lieu of closing arguments. Insofar as this is an error-preservation argument, we are unpersuaded because the issue of an indispensable party can be raised for the first time on appeal. *See In re Estate of Darrah*, No. 21-1082, 2022 WL 3906754, at *6 (Iowa Ct. App. Aug. 31, 2022) (citing *Ditch v. Hess*, 212 N.W.2d 442, 450 (Iowa 1973)).

question of the validity of the deed as to the Trust and how that impacts the rights of Tiffin to proceed in this action.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**