# IN THE COURT OF APPEALS OF IOWA

No. 14-1925
Filed October 28, 2015

**LONISE PORTER,**
      Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
      Respondent-Appellee.

_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Lonise Porter appeals from the district court's summary dismissal of her application for postconviction relief. **REVERSED AND REMANDED.**

Pamela A. Wingert of Wingert Law Office, Spirit Lake, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Linda Fangman, County Attorney, and Kimberly A. Griffith, Assistant County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and McDonald, JJ.

**POTTERFIELD, Judge.**

Lonise Porter appeals from the district court's summary dismissal[1] of her application for postconviction relief. She argues that the district court incorrectly dismissed her application as barred under the doctrine of res judicata. We agree, and therefore reverse the decision of the district court and remand for further proceedings.

## I. Background Facts and Proceedings

This is the second time we have considered Porter's case on appeal. *See State v. Porter*, No. 13-0463, 2013 WL 6700301 (Iowa Ct. App. Dec. 18, 2013). The central facts remain the same. Porter pled guilty to two crimes—second-degree theft and forgery, each as a habitual offender—on December 6, 2012. On that same date, the prosecutor informed the trial court that a joint sentencing recommendation would be presented at the time of sentencing. And so it was, at Porter's February 21, 2013 sentencing hearing. However, the court declined to accept the joint sentencing recommendation of a fifteen-year suspended sentence and instead sentenced Porter to concurrent fifteen-year prison terms, subject to a mandatory-minimum term of three years.

We considered Porter's direct appeal of those sentences. *Id.* On direct appeal, Porter argued that her attorney was ineffective for several reasons, but at

---

[1] Technically speaking, it would be more accurate to say that she is appealing the district court's summary *disposition* of her application for postconviction relief, even though the motion the district court granted was the State's motion to dismiss. This is so because the statutory language of Iowa Code section 822.6 differentiates between two similar, but distinct, methods for the disposition of applications for postconviction relief: dismissal, which occurs on the court's own initiative; and summary disposition, which occurs on the motion of either party. *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). As there is no functional distinction between the two methods that affects our consideration of this case, we adopt the term used thus far to avoid confusion.

this juncture it is sufficient to note that one of her claims was that her attorney had failed to argue that the trial court had bound itself to accept the joint sentencing recommendation presented. *Id.* at *1. We disagreed, and on December 18, 2013, affirmed her judgement and sentences for both second-degree theft and forgery as a habitual offender. *Id.* at *2. More specifically, we held that her attorney was not ineffective for having failed to argue the court was bound by the joint sentencing recommendation, because the record was devoid of evidence either that her guilty plea had been conditioned upon the court's concurrence in the sentencing concession, or that the court had expressed any intention to be bound by the recommendation. *Id.* In essence, we explained that counsel could not have been ineffective for failing to pursue a meritless position. *See, e.g.*, *State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011).

Porter then applied for postconviction relief. The State moved to dismiss her application, arguing the stated grounds for the relief sought had been previously adjudicated on direct appeal and were thus barred under the doctrine of res judicata. The district court held a motion hearing on November 3, 2014, at which Porter's attorney summarized her application as follows:

> Your Honor, the only issue concerning the post-conviction relief case, there's only one, it's a simple issue, and Your Honor, I respectfully state to the court that [the] only issue is this: Did [Porter's trial attorney] file a [Iowa Rule of Criminal Procedure] 2.10 motion and ask Judge Stigler to bind himself by the plea agreement, which was clearly stated to be that the county attorney and defense counsel agreed to the plea agreement for a suspended sentence with probation. And when she came for sentencing [Porter's trial attorney] had not filed a 2.10 motion to ask the judge to bind himself to that plea agreement, and he didn't advise [Porter] that she could not plead if the judge agreed that—if the judge didn't agree to be bound. That's the only issue here.

Later that same day, the district court issued an order granting the State's motion to dismiss. In so ruling, the court cited our prior opinion, specifically noting that we had already "found that counsel was not ineffective and that rule 2.10 of criminal procedure relating to plea agreements and binding the [district court] to the terms of the plea agreement was addressed in the underlying appeal." Porter now appeals the summary dismissal of her application for postconviction relief.

## II. Standard of Review

We normally review postconviction proceedings for correction of errors at law. *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). This includes summary dismissals of applications for postconviction relief. *Id.* However, when an application for postconviction relief raises a constitutional claim, such as a claim of ineffective assistance of counsel, the matter is instead reviewed de novo. *Id.*

## III. Analysis

Rule 2.10, which governs court participation in the parties' plea bargaining, sets forth a procedure by which a criminal defendant can condition her plea agreement "upon concurrence of the court in the charging or sentencing concession made by the prosecuting attorney." Iowa R. Crim. P. 2.10(2). The court considering the plea agreement is, of course, still free to "accept or reject the agreement" even when presented conditionally. *Id.* As we noted on Porter's direct appeal, rule 2.10 states the following in the context of a court's option to reject a plea agreement:

> If, at the time the plea of guilty is tendered the court refuses to be bound by or rejects the plea agreement, the court shall inform the parties of this fact, afford the defendant the opportunity to the withdraw defendant's plea, and advise the defendant that if persistence in a guilty plea continues, the disposition of the case

> may be less favorable to the defendant than that contemplated by the plea agreement.

Iowa R. Crim. P. 2.10(4).

We rejected on direct appeal Porter's argument that her attorney was ineffective for having failed to argue the trial court had bound itself to the suspended sentences proposed in the joint sentencing recommendation. The argument before us now, by way of Porter's summarily dismissed application for postconviction relief, is that her attorney was ineffective for having failed to seek to bind the trial court in the first place, pursuant to rule 2.10. The question is whether or not the slightly different posture of Porter's application for postconviction relief still falls within the ambit of res judicata. We find that it does not.

It is certainly true that "[a] post-conviction proceeding is not intended as a vehicle for relitigation, on the same factual basis, of issues previously adjudicated, and the principle of res judicata bars additional litigation on this point." *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) (citing *State v. Wetzel*, 192 N.W.2d 762, 764 (Iowa 1971)). The doctrine of res judicata covers both claim preclusion and issue preclusion. *Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011). Issue preclusion, sometimes referred to as collateral estoppel, prevents parties from re-litigating an issue that has already been adjudicated; issue preclusion not only furthers the interest of judicial economy but also prevents the "anomalous situation, so damaging to public faith in the judicial system, of two authoritative but conflicting answers being given to the very same question." *Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa

2012).  Claim preclusion, on the other hand, stands for the proposition that claims "cannot be split or tried piecemeal," and applies "not only to matters actually determined in an earlier action but to all relevant matters that could have been determined."  *Pavone*, 807 N.W.2d at 835 (internal citations omitted).

However, ineffective-assistance-of-counsel claims present a special case.  Claims of ineffective assistance of counsel "need not be raised on direct appeal from the criminal proceedings in order to preserve the claim for postconviction relief purposes."  Iowa Code § 814.7(1) (2013); *see also State v. Johnson*, 784 N.W.2d 192, 196 (Iowa 2010).  When a claim of ineffective assistance of counsel is raised on direct appeal (even though it need not be), an appellate court may either "decide the record is adequate to decide the claim or may choose to preserve the claim for determination [in postconviction proceedings]."  Iowa Code § 814.7(3).

In ruling on Porter's direct appeal, we determined that the record was adequate to decide each of her claims.  The claim raised in Porter's application for postconviction relief presents an altogether different situation.  Today, we have held in a separate case that the claim now raised is one that must be preserved for determination in postconviction proceedings, as it requires further development of the factual record.  *See State v. Roberts*, No. 14-1173, ____ WL ____ (Iowa Ct. App. Oct. 28, 2015).  In *Roberts*, just as here, the trial court rejected a joint sentencing recommendation of a suspended sentence and instead chose to sentence the defendant to time in prison, leading to a claim of ineffective assistance of counsel based upon the failure of defense counsel to insist upon the concurrence of the court to the sentencing concession.  *Id.*  We

determined that such a claim was inappropriate for adjudication on direct appeal, because the facts and circumstances surrounding the plea negotiations would need to be developed during postconviction proceedings in order to properly evaluate the attorney's conduct. *Id.*

Porter's postconviction claim is different than her claim on direct appeal. Her current ineffective-assistance-of-counsel claim is not barred by res judicata because it could have not been decided along with her other claims on direct appeal. The proper forum for the resolution of her claim is a postconviction proceeding, and the district court should allow her the opportunity to develop a record that will enable such a resolution.

**REVERSED AND REMANDED.**