# IN THE COURT OF APPEALS OF IOWA

No. 15-0878
Filed October 26, 2016

**TERRENCE EARL ROBY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, Todd A. Geer,

Judge.

Terrence Roby appeals the dismissal of his postconviction relief

application. **AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.

Considered by Potterfield, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Terrence Roby has appealed the dismissal of his postconviction relief (PCR) application. For our purposes, this case is effectively summarized by the conclusion portion of Roby's final brief and reply brief in this appeal:

> Terrence Roby pled guilty to a 25 year drug sentence [in 2007 and 2008]. When he got to prison, he found out the prison was interested in requiring sex offender treatment. They were going to require this because of the domestic assault charges for which he had received probation [in 2005]. After an administrative law judge [(ALJ)] hearing mandated by th[e] Iowa Supreme Court, Roby challenged the ALJ decision. He did that in two postconvictions. Those were challenges directly to the ALJ decision.
> Once it was clear from those rulings that the ALJ decision was going to be legal, Roby modified his argument. He brought a postconviction, now claiming that his guilty pleas were invalid because of ineffective counsel. He claimed that the requirement for [the sex offender treatment program (SOTP)] was in violation of the plea bargain in his case.
> Those issues came on for hearing, but no hearing was really ever held on those issues.
> The District Judge did not rule on the plea bargain issue. The judge ruled on ineffective counsel, but his appointed postconviction counsel presented no evidence on that issue. In both cases, the pro se claims were not litigated. This Court should reverse the dismissal and return the matters to the district court for such litigation.

PCR proceedings, including summary dismissal of PCR applications, are generally reviewed for errors at law. *See Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). We review ineffective-assistance-of-counsel claims de novo. *See State v. Tompkins*, 859 N.W.2d 631, 636 (Iowa 2015). In order to prove an ineffective-assistance-of-counsel claim, an appellant must show by a preponderance of the evidence that counsel (1) failed to perform an essential duty and (2) prejudice resulted. *Id.* at 637. We can resolve ineffective-

assistance-of-counsel claims under either prong. *State v. Ambrose*, 861 N.W.2d 550, 556 (Iowa 2015).

At the PCR hearing, in response to questions from his attorney, Roby identified two issues he had raised pro se: (1) his plea agreement did not require participation in the SOTP, so the requirement of SOTP is a breach of his plea agreement; and (2) trial counsel was ineffective in failing to advise him that his guilty plea would subject him to SOTP while in prison. After identifying the issues at the hearing, counsel stopped Roby's testimony so the State could present its motion to dismiss. The State then argued the statute of limitations had expired and the other issues had been raised before and finally adjudicated. *See* Iowa Code §§ 822.3, 822.8 (2015). Roby's PCR counsel argued that Roby's claim of ineffective assistance of counsel for failing to advise that the consequences of his plea of guilty may result in SOTP had not previously been addressed by a court. The State's response hinged primarily on the section 822.3 three-year statute of limitations. Roby was then given an opportunity to address the court, at which time he essentially argued he was not guilty of a sex offense. The court took notice of the files in the underlying criminal cases and all prior PCR cases. The record was closed without further evidence.

The district court entered a written ruling dismissing Roby's claim the Iowa Department of Corrections (DOC) has no right to require his participation in SOTP. The district court also acknowledged that, although Roby had in prior litigation alleged ineffective assistance of plea counsel, he had not previously focused that issue on failing to advise him of the SOTP consequences of his guilty plea. Although intimating it would deny the ineffectiveness claim if it

reached the merits of that issue, the district court accepted the State's argument on its statute-of-limitations motion and dismissed the case on that basis.

Roby has not appealed the PCR court's dismissal of his claim the DOC has no legal right to require his participation in SOTP. *See State v. Lyle*, 854 N.W.2d 378, 383 (Iowa 2014) ("[A]n issue 'may be deemed' waived if a litigant fails to identify the issue, assign error, and make an argument supported by citation to authority in their initial brief."). So, we affirm as to that issue.

Roby argues his PCR counsel was ineffective by failing to present evidence in support of his claim that trial counsel was ineffective in failing to advise him his plea of guilty would subject him to SOTP while in prison. Thus, he asks us to find PCR counsel ineffective and to reverse and remand so he can present evidence in support of his claim trial counsel provided ineffective assistance. The only relief Roby requests in this PCR case is that he not be required to take the SOTP and that he not be denied certain prison credits for his failure to participate in the program. The question of whether the DOC has the right to require Roby's participation in SOTP and can deny him credits for failure to participate has been previously decided adversely to Roby. If we were to grant his request that we find his PCR counsel was ineffective for failing to present evidence and remand for the presentation of evidence on whether his plea counsel was ineffective in failing to advise him of the possible SOTP consequence of his plea, the district court would be unable to grant the relief Roby has sought, as the issue has already been decided. *See Employers Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012) ("Issue preclusion prevents parties 'from relitigating in a subsequent action issues raised and

resolved in [a] previous action.'" (alteration in original) (citation omitted)). Accordingly, we decline to find Roby was prejudiced by any alleged failure to present evidence.

Roby has appealed the district court's failure to rule on his claim the DOC's requirement that he complete SOTP violated his plea agreement. He asks us to reverse and remand so he can have a hearing and obtain a ruling from the district court concerning his plea-agreement claim. Roby makes no claim the plea agreement affirmatively provided the DOC was limited in the programs it could require of Roby, and he cites no authority in support of a claim the parties could enter a plea agreement with terms that would limit DOC programming requirements. Even if the plea agreement had purported to limit DOC programming—either expressly or by failing to mention a requirement of SOTP, Roby cites no authority that a district court has the power to approve such an agreement and order the DOC to refrain from enforcing program requirements authorized by the legislature.

We are constrained, however, on appeal from addressing an issue on the merits that was not addressed by the district court. *See Jones v. State*, 731 N.W.2d 388, 392 (Iowa 2007); *see also Ayabarreno v. State*, No. 15-1203, 2016 WL 4036168, at *2 (Iowa Ct. App. July 27, 2016) (declining to consider the merits of the pro se claims not addressed by the PCR court and remanding); *Hoosman v. State*, No. 14-1870, 2016 WL 1704013, at *1-2 (Iowa Ct. App. Apr. 27, 2016) (declining to consider merits of pro se claims not ruled upon despite a hearing having already taken place, stating "[w]e will not usurp the PCR court's role by ruling on the substance of the . . . claims before the PCR court has addressed

them," and remanding for consideration on the record already made). So, we reverse and remand to the district court for it to address and rule on the issue of whether the DOC's SOTP requirement violated the plea agreement.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**