# IN THE COURT OF APPEALS OF IOWA

No. 15-1948
Filed December 21, 2016


**MACKENZIE RUMSEY and**
**BELA ANIMAL LEGAL DEFENSE AND RESCUE,**
    Petitioners-Appellants,

**vs.**

**CITY OF DES MOINES, IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.


A dog owner appeals a district court ruling rejecting her application for "immediate return of seized property." **AFFIRMED**.


Jaysen C. McCleary, Des Moines, for appellants.

Michelle R. Mackel-Wiederanders and Katharine J. Massier (until withdrawal), Assistant City Attorneys, for appellee.


Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**PER CURIAM.**

The City of Des Moines impounded Mackenzie Rumsey's[1] pit bull terrier, declared the dog—named Malice—to be a "dangerous animal" under the city code, and ordered the dog euthanized. Rumsey sought the return of her dog by filing an application for return of seized property under Iowa Code chapters 809 and 809A (2015). The district court decided those chapters did not provide a basis for returning the dog to its owner. Finding that statutory analysis correct, we affirm the district court.

On appeal, Rumsey contends the district court erred in finding chapters 809 and 809A did not apply to the city's impoundment of Malice because the governmental agency's intent to euthanize the dog is "the ultimate forfeiture of this type of property." We review rulings based on statutory interpretation for errors of law. *See State v. Adams*, 554 N.W.2d 686, 689 (Iowa 1996).

The district court offered the following insightful analysis:

> The language of [s]ection 809A.8(1) demonstrates that its provisions apply to criminal cases prosecuted by a prosecuting attorney and not to a matter such as this. Section 809A.8(1) states that property seized for forfeiture shall be released to the owner "if the *prosecuting attorney* fails to do either of the following:" 1) file a notice of pending forfeiture against the property within [ninety] days after seizure, or 2) fails to file a judicial forfeiture proceeding within [ninety] days after notice of pending forfeiture. Iowa Code § 809A.8(1) (emphasis added). There is no pending prosecution in this case, and therefore there is no prosecuting attorney. Plaintiff is not charged with a crime and has never been charged with a crime. The [c]ode section is simply inapplicable.

---

[1] The petitioners' filings in the district court alleged legal ownership of the dog was transferred in July 2015 to DDB Trust and subsequently transferred to Bela Animal Legal Defense and Rescue. The city responded that no proof of the transfer was provided. For ease of reference in this opinion, we will refer to the dog's owner as Rumsey.

The court emphasized no indictable offense was pending against the dog's owner:

> Other language in [c]hapter 809A supports the finding that the chapter is not applicable to this situation. Section 809A.3 states that conduct giving rise to forfeiture is an act or omission which is a public offense and which is a serious or aggravated misdemeanor. Iowa Code § 809A.3(1). There is no allegation of a serious or aggravated misdemeanor against the original owner of the dog, Mackenzie Rumsey, or against the plaintiff, Bela Animal Defense and Rescue.

Nevertheless, Rumsey claims chapter 809A accords her rights because the Des Moines animal control officer who took Malice into quarantine was part of a law enforcement agency. Even if a city's animal control officer qualifies as a peace officer under section 809A.6, the quarantine and impoundment process for animals in the city's code does not fit within the forfeiture process described in that statute. Malice was not property subject to forfeiture under section 809A.4. The district court correctly concluded chapter 809A did not compel the city to release the dog to its owner.

The same is true for chapter 809. Rumsey contends Malice should be returned because the dog qualified as "seized property" under section 809.1(1)(c) (defining "[s]eizable property" as "[p]roperty which if not seized by the state poses an imminent danger to a person's health, safety, or welfare"). Rumsey's contention does not square with the directives for the disposition of seized property in section 809.5(1) ("Seized property shall be returned to the owner if the property is no longer required as evidence or the property has been photographed and the photograph will be used as evidence in lieu of the property, if the property is no longer required for use in an investigation, if the

owner's possession is not prohibited by law, and if a forfeiture claim has not been filed on behalf of the state."). The district court aptly determined the city did not seize Malice under section 809.1(1)(c) and section 809.5(1) did not provide for the dog's return.

We now turn to Rumsey's argument that Chief Judge Arthur Gamble's ruling in an unrelated case involving the city's impoundment of a different dog with a different owner was an "intermediate appellate decision" implicating the doctrines of "issue preclusion" and "law of the case." Rumsey claims: "Under Chief Judge Gamble's analysis of the [c]ity's similar actions in another case of seizing, impounding, and quarantining a dog, Rumsey's dog was also seized in utter disregard of the [c]ity's ordinance and was illegal." This argument is without merit. *See generally Emp'rs Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012) (explaining party invoking issue preclusion must show issue in present case was *identical* to issue decided in prior action); *Clarke Cty. Reservoir Comm'n v. Robins*, 862 N.W.2d 166, 178 (Iowa 2015) (limiting law-of-the-case doctrine to issues raised and decided on appeal).

Finally, Rumsey claims the judge should have recused herself after Rumsey filed a motion alleging the judge was biased as a result of obtaining information about the parties when deciding another aspect of this litigation against the city.[2] We review recusal issues for an abuse of discretion. *State v.*

---

[2] Rumsey contends the judge "previously lost subject matter jurisdiction over the parties as she literally had judged the exact parties and evidence which was on appeal." Rumsey cites no authority regarding this jurisdictional argument, and we decline to address it separately from the question of recusal. *See Harrington v. Univ. of N. Iowa*, 726 N.W.2d 363, 367 n.4 (Iowa 2007) (finding argument waived when litigant failed to cite authority).

*Millsap*, 704 N.W.2d 426, 432 (Iowa 2005). Here, we find no abuse of discretion in the court's refusal to recuse. *See State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976) (finding no basis for judge's disqualification from hearing "evidence presented in the trial of a prior cause" because it did not create personal bias or stem from an extrajudicial source).

Rumsey is not entitled to attorney fees.

**AFFIRMED.**