# IN THE COURT OF APPEALS OF IOWA

No. 17-2081
Filed December 5, 2018

IN RE THE MARRIAGE OF DEBORAH WHITFORD
AND RICHARD WHITFORD

Upon the Petition of
DEBORAH WHITFORD,
      Petitioner-Appellee,

And Concerning
RICHARD WHITFORD,
      Respondent-Appellant.

_____

Appeal from the Iowa District Court for Scott County, John D. Telleen, Judge.

Richard Whitford appeals the district court's dismissal of his petition to modify the parties' dissolution decree. **AFFIRMED.**

Eric D. Puryear and Eric S. Mail of Puryear Law, PC, Davenport, for appellant.

Jennie L. Clausen and Ryan M. Beckenbaugh of H.J. Dane Law Office, Davenport, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

We must decide whether the district court erred in dismissing a petition to modify the language of a dissolution decree and qualified domestic relations order (QDRO) filed in 2006.

The decree dissolving the marriage of Deborah and Richard Whitford ordered the division of Richard's pension by the following equation:

> [D]ivide the pension payment in half and multiply the result by the percentage arrived at by dividing the number of years of this marriage by the number of years Richard was employed by John Deere. In the event he should die before or while he is receiving pension payments Deborah shall be entitled to receive any survivor benefits on his pension authorized under the pension plan.

The "uncontested" QDRO filed shortly thereafter used the following language to divide the pension:

> Alternate Payee, Deborah L. Whitford, as Alternate Payee of the benefit of Richard H. Whitford, Participant under the John Deere Pension Plan is awarded one half of the pension benefit multiplied by a fraction wherein the numerator is the number of months married and the denominator shall be the total number of months worked by the Participant, Richard H. Whitford.

Richard's appeal was dismissed as untimely. Richard then filed a motion for new trial challenging the cited language. The district court denied the motion.

Richard's modification petition was filed eleven years later. He alleged, "The Court in both the decree and the QDRO made a mistake in the calculation of the formula to be used in dividing [his] pension." He also alleged "the Court made a mistake in awarding the Petitioner survivor benefits under [his] retirement plan."

Deborah moved to dismiss the petition on the ground that "there is absolutely no mistake in this matter and the trial court judge has denied [him] each and every time he has asserted this argument regarding a modification of the

formula used to divide his pension benefits." She premised her motion on the principle of res judicata.

In dismissing the petition, the district court applied the issue preclusion doctrine, which is a form of res judicata. *See Pavone v. Kirke*, 807 N.W.2d 828, 835 (Iowa 2011) ("The doctrine of res judicata includes both claim preclusion and issue preclusion" (citation omitted)). "Issue preclusion prevents parties 'from relitigating in a subsequent action issues raised and resolved in [a] previous action.'" *Emp'rs Mut. Cas. Co. v. Van Haaften,* 815 N.W.2d 17, 22 (Iowa 2012) (citations omitted).

> The party invoking issue preclusion must establish four elements: "(1) the issue in the present case must be identical, (2) the issue must have been raised and litigated in the prior action, (3) the issue must have been material and relevant to the disposition of the prior case, and (4) the determination of the issue in the prior action must have been essential to the resulting judgment."

*Id.* The district court concluded:

> It is apparent . . . [Richard] has already raised years ago the very same argument he sets forth in his current petition to modify and the same judge who presided over the underlying trial in this matter denied the same.
> The claim asserted in [his] petition to modify is plainly barred by the doctrine of issue preclusion.
> . . . .
> . . . First, the issue presently raised, the appropriate division of [Richard's] pension under the *Benson* formula, is clearly the issue raised and previously decided by the trial court. Second, the issue was not only raised and litigated in the prior action but raised and litigated in post-trial motions. Next, the issue was clearly relevant and material to the disposition of the prior action and, finally, the determination made of the issue in the prior action was necessary and essential to the resulting judgment.

We discern no error in the court's conclusion. *See Grant v. Iowa Dep't of Human Servs.*, 722 N.W.2d 169, 173 (Iowa 2006) (noting decision as to

applicability of issue preclusion reviewed for errors of law). The dissolution decree "was final when entered." *See In re Marriage of Brown*, 776 N.W.2d 644, 649 (Iowa 2009). Even if the formula was wrong, "[t]he res judicata consequences of a final unappealed judgment are not altered by the fact that the judgment may have rested on incorrect legal principles." *In re Petition of Bisenius,* 573 N.W.2d 258, 260 (Iowa 1998); *see also Gail v. W. Convenience Stores*, 434 N.W.2d 862, 863 (Iowa 1989) ("A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review."). "[O]nce set, absent fraud, duress, coercion, mistake, or other similar grounds which would support modification of an ordinary judgment, property settlements in dissolution decrees are not subject to modification." *In re Marriage of Trickey*, 589 N.W.2d 753, 756 (Iowa Ct. App. 1998) (citing *In re Marriage of Johnson,* 299 N.W.2d 466, 468 (Iowa 1980)).

We recognize the QDRO "is not itself a property settlement, but is merely a method of effectuating the property division contained in a dissolution decree and may be modified later without affecting the finality of the underlying decree." *In re Marriage of Veit*, 797 N.W.2d 562, 564 (Iowa 2011). We also acknowledge "the district court retains authority to interpret and enforce its prior decree." *See In re Marriage of Morris*, 810 N.W.2d 880, 886 (Iowa 2012). But here there was nothing to interpret. The decree unambiguously laid out a formula for division of the pension and provided for Deborah's receipt of survivorship benefits. The QDRO essentially adopted the language of the decree. Richard's belated motion to modify both orders was an impermissible collateral attack on the filings.

Richard also challenges the district court's imposition of sanctions in the form of payment of Deborah's $930 trial-attorney fee obligation. We discern no abuse of discretion in the award. *See* Iowa R. Civ. P. 1.413 (authorizing payment of other parties' attorney fees as sanction for signing a paper that is not well-grounded in fact or law); *Everly v. Knoxville Cmty. Sch. Dist.*, 774 N.W.2d 488, 492 (Iowa 2009) (reviewing sanctions ruling under rule 1.413 for an abuse of discretion).

Deborah requests appellate attorney fees. We decline her request. *Cf. Thunder & Lightning, Inc. v. 435 Grand Avenue, LLC*, No. 17-0718, 2018 WL 5850219, at *8 (Iowa Ct. App. Nov. 7, 2018) (finding no authority to award appellate attorney fees associated with litigating rule 1.413 sanctions).

We find it unnecessary to address the remaining arguments raised by Richard. We affirm the dismissal of his modification petition.

**AFFIRMED.**