# In the Iowa Supreme Court

No. 25–0559

Submitted March 25, 2026—Filed May 1, 2026

**Lisa Boggess,** as administrator of the **Estate of Brent Boggess** and as next friend to minors **Z.B.** and **J.B.; Drake L. Boggess;** and **Kim Buttshaw,**

Appellants,

vs.

**City of Waterloo** and **Kenneth Schaff,**

Appellees.

---

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, judge.

The plaintiffs appeal from the district court's summary judgment applying the statutory immunity in Iowa Code § 670.4A to dismiss their common law tort claims arising from a fatal police shooting. **Reversed and Case Remanded.**

Waterman, J., delivered the opinion of the court, in which all justices joined.

David A. O'Brien of Dave O'Brien Law, Cedar Rapids; Connor N. Mulholland of Mueller, Schmidt, Mulholland & Cooling, PLLC, Des Moines; and Neven J. Mulholland of Johnson, Mulholland, Cochrane, Cochrane, Yung & Engler, P.L.C., Fort Dodge, for appellants.

Bruce L. Gettman, Jr., Adam J. Babinat, and Luke M. Zahari of Redfern, Mason, Larsen & Moore, P.L.C., Cedar Falls, and Timothy C. Boller of Weilein & Boller, P.C., Cedar Falls, for appellees.

**Waterman, Justice.**

Waterloo police officer Kenneth Schaaf fatally shot an unarmed driver, Brent Boggess, moments after Boggess crashed head-on into an occupied squad car following a prolonged, low-speed chase. This civil action was filed against the City of Waterloo and Schaaf alleging the police shooting was unjustified. The suit sought recovery under 42 U.S.C. § 1983 and state law. The defendants removed the case to federal court, which granted their motion for summary judgment dismissing the § 1983 claims based on *Harlow* qualified immunity.[1] *Boggess v. City of Waterloo*, No. C23–2057–LTS–MAR, 2024 WL 3928889, at *11 (N.D. Iowa Aug. 23, 2024). The federal court declined to exercise supplemental jurisdiction over the state claims, *id.* at *12, and the litigation resumed in the Iowa District Court for Black Hawk County. That court in turn relied on issue preclusion to grant the defendants' renewed motion for summary judgment under a similar qualified immunity in Iowa Code § 670.4A (2022).

The plaintiffs appealed, and a few months later, in another case, our court held that § 670.4A is inapplicable to common law tort claims, *Doe v. W. Dubuque Cmty. Sch. Dist.*, 20 N.W.3d 798, 806–08 (Iowa 2025). Schaaf and the City argue that *Doe* was wrongly decided and urge our court to overrule or distinguish it. We retained the appeal and now apply *Doe* and its progeny and our law on issue preclusion to reverse the district court's summary judgment ruling.

### I. Background Facts and Proceedings.

The police chase that ended with this fatal shooting began in the early morning hours of November 16, 2021. Officer Connor Weber was on patrol in Waterloo. He radioed dispatch to report that a man (later identified as Boggess)

---

[1] *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

attempted to strike him with his truck. Weber activated his emergency lights and siren and pursued Boggess's Chevrolet Silverado. Other officers joined the chase. Boggess took evasive action, including driving into yards and through a waterway. Eventually, Boggess stopped his truck in an alley where several officers on foot "tried to speak and reason with Boggess through his open driver's-side window." *Boggess*, 2024 WL 3928889, at *3. Officer Nick Weber (no relation to Connor) was in a police cruiser stopped in the alley in front of Boggess. Schaaf approached on foot and saw Boggess suddenly accelerate forward, reaching a "top speed of 8 mph before colliding with Weber's vehicle." *Id.* "Schaaf fired six rounds at Boggess in rapid succession after the impact." *Id.* "Multiple rounds struck Boggess resulting in his death." *Id.*

In November 2022, Boggess's widow filed this lawsuit against the City and Schaaf. She seeks money damages as administrator of the Estate of Brent Boggess and on behalf of their minor children. The lawsuit alleged Schaaf's "use of excessive force" caused Boggess's "wrongful death" in violation of article I, § 8 of the Iowa Constitution, an implied cause of action for money damages recognized in *Godfrey v. State*, 898 N.W.2d 844 (Iowa 2017), *overruled by*, *Burnett v. Smith*, 990 N.W.2d 289 (Iowa 2023). In response to *Burnett* overruling *Godfrey*, the plaintiffs amended their petition to add federal excessive force claims under 42 U.S.C § 1983. The defendants removed the case to federal court. The parties conducted discovery including depositions of the officers and review of body camera and dash camera videos. The defendants moved for summary judgment on grounds of federal qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (holding qualified immunity shields a government official from individual liability when his conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would

have known"). The plaintiffs resisted. The federal court reviewed the evidentiary record and concluded:

> Plaintiffs have come forward with sufficient evidence from which a reasonable jury could conclude Schaaf violated Boggess' constitutional right to be free from unreasonable seizure by using deadly force under these circumstances. Based on the totality of the circumstances including the low-speed chase, the lack of any indication that Boggess was armed or had committed a serious crime, the position of Boggess' vehicle surrounded by law enforcement in the alley and that his vehicle had come to a stop immediately before the use of deadly force, a reasonable jury could conclude that deadly force was objectively unreasonable as there was no risk of serious bodily injury to anyone on the scene.

*Boggess*, 2024 WL 3928889, at *9 (footnote omitted). But the federal court went on to grant the motion for summary judgment on the grounds that the specific right at issue was not clearly established:

> Plaintiffs have cited no other precedent demonstrating it was clearly established that it was objectively unreasonable for an officer to use deadly force under these circumstances at the time Schaaf fired his weapon. When viewing the facts in the light most favorable to plaintiffs, Weber remained in his vehicle at the time Boggess accelerated towards him. Plaintiffs have cited no case law clearly establishing that an officer may not use deadly force against a driver who accelerates head on toward an occupied police vehicle, even from a short distance away, and with the knowledge of the events that led up to that moment. To the contrary, the Supreme Court has recognized that an officer did *not* violate clearly established law by firing at a fleeing vehicle to prevent possible harm to "occupied vehicles in [the driver's] path," as well as other officers on foot whom she believed were in the immediate area and other citizens who might have been in the area. *See Brosseau v. Haugen*, 543 U.S. 194, 197 (2004) (per curiam). Without identifying clearly established law, such that Schaaf was on notice at the time that his actions violated Boggess' constitutional rights, plaintiffs have failed as a matter of law to show that Schaaf is not entitled to qualified immunity. As such, Schaaf is entitled to summary judgment on plaintiffs' § 1983 claim.

*Id.* at \*11 (alteration in original). The federal court declined to exercise supplemental jurisdiction over the plaintiffs' remaining state law claims. *Id.* at \*12. The case resumed in the Iowa District Court.

The plaintiffs' fifth amended petition alleged Iowa common law claims for assault (count I), battery (count II), and a third claim entitled "Wrongful Use of Deadly Force by a Law Enforcement Officer as Expressly Provided by Statute" (count III), which cited Iowa Code §§ 704.12 and 804.8, statutes governing police use of force during arrests. The defendants moved for summary judgment on the basis of the qualified immunity in Iowa Code § 670.4A and on issue preclusion based on the federal court summary judgment applying *Harlow*. The plaintiffs resisted. The district court concluded that § 670.4A effectively adopted *Harlow* qualified immunity, and it applied issue preclusion based on the federal ruling to grant summary judgment in favor of the defendants, dismissing counts I, II, and III. The plaintiffs appealed from that final judgment, and a few months later, we held in *Doe* that § 670.4A does not apply to common law tort claims. 20 N.W.3d at 806–08. The plaintiffs argue that *Doe* is dispositive and mandates reversal. The defendants urge us to overrule or narrow *Doe* to affirm the district court's summary judgment. We retained the case.

**II. Standard of Review.**

We review district court rulings granting summary judgment for correction of errors at law. *Clark v. State*, 955 N.W.2d 459, 463 (Iowa 2021). "[W]hether the elements of issue preclusion are satisfied is a question of law." *Id.* at 464 (quoting *Emps. Mut. Cas. Co. v. Van Haaften*, 815 N.W.2d 17, 22 (Iowa 2012)). We review the district court ruling on issue preclusion for legal error. *Id.*

**III. Analysis.**

We must decide whether the district court erred by granting the defendants' motion for summary judgment under § 670.4A. The district court applied issue preclusion based on the federal court summary judgment dismissing the plaintiffs' § 1983 claim under *Harlow*. The district court did not have the benefit of our subsequent decision in *Doe*. In *Doe*, we held that § 670.4A does not apply to common law claims. 20 N.W.3d at 806–08. The defendants on appeal argue that *Doe* was wrongly decided and should be overruled or narrowed to affirm the district court's summary judgment. The plaintiffs argue that *Doe* mandates reversal. We agree with the plaintiffs and also conclude that the district court erred by applying issue preclusion.

The defendants raise colorable arguments why § 670.4A should apply to common law claims. They note that *Doe* involved only negligence claims and contend that *Doe* "painted with too broad a brush" to sweep in intentional tort claims without adversarial briefing on that issue. They argue the text and legislative history of § 670.4A, the "Back the Blue Act," demonstrate that the immunity encompasses common law claims. But we reached a different conclusion in *Doe*, and we reaffirm that conclusion now.

"Stare decisis alone dictates continued adherence to our precedent absent a compelling reason to change the law." *Book v. Doublestar Dongfeng Tyre Co.*, 860 N.W.2d 576, 594 (Iowa 2015).[2] We have already applied *Doe*'s holding in several subsequent cases rejecting immunity under § 670.4A for common law tort claims. *See, e.g.*, *Mormann v. City of Manchester*, 27 N.W.3d 820, 825, 830

---

[2]*Doe* overruled *Nahas v. Polk County*, 991 N.W.2d 770 (Iowa 2023), which had applied the heightened pleading requirement in § 670.4A to intentional tort claims. *See Doe*, 20 N.W.3d at 806 ("The qualified immunity defense and the heightened pleading standard apply [i]n toto or not at all. To the extent *Nahas* said something different, we overrule it . . . ." (citation omitted)).

(Iowa 2025) (affirming judgment for plaintiffs on assault and battery claims against police officer arising from use of excessive force to end police chase);[3] *City of Davenport v. Am. Fam.* (*In re Davenport Hotel Bldg. Collapse*), 27 N.W.3d 270, 273 (Iowa 2025) ("The qualified immunity provisions in § 670.4A do not apply to the common law tort claims asserted against the City defendants in this case."); *Est. of Kahn v. City of Clermont*, 22 N.W.3d 252, 258 (Iowa 2025) (reinstating common law tort claims that the district court had dismissed under § 670.4A); *see also Montague v. Skinner*, 30 N.W.3d 213, 218 (Iowa 2026) (following *Doe* to hold the "essentially identical" immunity provision in § 669.14A of the Iowa Tort Claims Act does not apply to common law claims).

We see no compelling reason to overrule these precedents. Applying these precedents, we reverse the district court's summary judgment ruling and reinstate the plaintiffs' common law tort claims. The parties agree that count I (assault) and count II (battery) are common law claims.

Count III, however, alleges violations of Iowa Code § 704.12, which provides, "A peace officer or other person making an arrest or securing an arrested person may use such force as is permitted by sections 804.8, 804.10, 804.13 and 804.15," and violations of Iowa Code § 804.8, which states,

> 1. A peace officer, while making a lawful arrest, is justified in the use of any force which the peace officer reasonably believes to be necessary to effect the arrest or to defend any person from bodily harm while making the arrest. However, the use of deadly force or a chokehold is only justified when a person cannot be captured any other way and either of the following apply:
>
> *a.* The person has used or threatened to use deadly force in committing a felony.

---

[3]The *Mormann v. City of Manchester* defendants conceded in supplemental briefing that *Doe* defeated their claimed immunity from assault and battery claims under § 670.4A. 27 N.W.3d at 830.

*b.* The peace officer reasonably believes the person would use deadly force against any person unless immediately apprehended.

We have "concluded that the substantive qualified immunity protections in § 670.4A appl[y] only to alleged claims involving violations of *statutory or constitutional* rights, not to common law tort claims." *Est. of Kahn*, 22 N.W.3d at 258 (citing *Doe*, 20 N.W.3d at 806–07). The defendants have argued that the plaintiffs' claims in count III, which involve alleged violations of "statutory rights," are thereby subject to the qualified immunity in § 670.4A. But this issue is not briefed on appeal. In our view, § 804.8 sets an objective standard of reasonableness that provides police officers with a justification defense to a common law tort claim. *See White v. Harkrider*, 990 N.W.2d 647, 656 (Iowa 2023) (characterizing justification for use of force under § 804.8 as "an affirmative defense to assault that the defendants must plead and prove"); *see also Williams v. City of Burlington*, 516 F. Supp. 3d 851, 873 (S.D. Iowa 2021) (describing § 804.8 as setting an "objective reasonableness standard" for police use of deadly force). We decline to decide in the first instance whether excessive force claims alleging violations of Iowa Code §§ 707.12 and 804.8 are common law claims or rather claims involving statutory rights subject to the immunity provision in § 670.4A under *Doe* and *Estate of Kahn v. City of Clermont. See Benskin, Inc. v. W. Bank*, 952 N.W.2d 292, 307 (Iowa 2020) ("Although the issue was minimally raised, it wasn't briefed, and we decline to reach it now. 'A supreme court is "a court of review, not of first view." ' " (quoting *Plowman v. Fort Madison Cmty. Hosp.*, 896 N.W.2d 393, 413 (Iowa 2017))).

Instead, we resolve the appeal as to count III on a different ground. We determine that the district court erred by relying on issue preclusion to grant summary judgment. A threshold requirement for employing issue preclusion is that "the issue concluded must be identical." *Clark*, 955 N.W.2d at 465–66

(quoting *Hunter v. City of Des Moines*, 300 N.W.2d 121, 123 (Iowa 1981)). The federal district court decided that the federal *Harlow* immunity required dismissal of the plaintiffs' claims under a federal statute, 42 U.S.C. § 1983. The plaintiffs' Iowa and federal excessive force claims and the immunities under *Harlow* and § 670.4A may be similar, but we cannot conclude that the state and federal claims and defenses are identical. The elements of common claims for assault and battery are not identical to the elements of an excessive force claim under § 1983 alleging a violation of the Fourth Amendment to the United States Constitution. And the immunity defense under Iowa Code § 670.4A does not apply to assault and battery claims in any event. We hold that the district court erred by relying on issue preclusion to enter summary judgment. We reinstate count III as well as counts I and II on that basis.

**IV. Disposition.**

For the foregoing reasons, we reverse the district court's summary judgment and remand this case for further proceedings consistent with this opinion.

**Reversed and Case Remanded.**